MATTER OF VILLANUEVA

In Deportation Proceedings

A-20687247

*Decided by Board December 30, 1976*

(1) An illegitimate child who acquired United States citizenship at birth pursuant to section 205 of the Nationality Act of 1940, as the child of a United States citizen mother, does not lose that citizenship upon legitimation.

(2) The rationale followed in *Rogers* v. *Bellei*, 401 U.S. 815 (1971), does not apply to the facts in this case because *Bellei* dealt with retention requirements for citizenship over which the individual has some control whereas the conditions envisioned in the Nationality Act of 1940 concern matters respecting retention of citizenship over which respondent has no control (i.e., whether his parents marry, and how long his mother resides in the United States prior to his birth).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Robert Ramirez, Representative
U.S. Catholic Conference
700 S. Santa Fe Street
El Paso, Texas 79901

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

This is an appeal from the immigration judge's decision of December 22, 1975, in which he found the respondent deportable and granted to him the privilege of voluntary departure. The appeal will be sustained. The respondent contends that the proceedings should be terminated on the basis that he is a United States citizen. He claims citizenship through his mother who was born in New Mexico on March 3, 1925. The respondent's mother lived in the United States until about the age of 6 when she was taken to Mexico by her grandparents. She has never returned to the United States to reside. The respondent was born out of wedlock in Mexico on April 9, 1951. His parents were married to each other during 1953.

At the time of the respondent's birth the Nationality Act of 1940 was in effect. Section 205 thereof, entitled "Illegitimate Children" provided as follows:

The provisions of section 201, subsections (c) (d) (e) and (g), and section 204, subsections (a) and (b), hereof apply, as of the date of birth, to a child born out of wedlock, provided the paternity is established during minority by legitimation, or adjudication of a competent court.

In the absence of such legitimation or adjudication, the child, whether born before or after the effective date of this Act, if the mother had the nationality of the United States at the time of the child's birth and had previously resided in the United States or one of its outlying possessions, shall be held to have acquired at birth her nationality status.

Section 201(g) of the Act, to which section 205 refers, provides that a child of parents, only one of whom is a United States citizen, acquires United States citizenship at birth if the United States citizen parent, prior to the child's birth, had resided in the United States ten years, five of which were after attaining the age of 16.

Prior to the respondent's legitimation, the law changed and the present law was enacted. In a section entitled "Children Born Out of Wedlock", the present Act provides:

Section 309(b) Except as otherwise provided in section 405, the provisions of section 301(a)(7) shall apply to a child born out of wedlock on or after January 13, 1941, and prior to the effective date of this Act, as of the date of birth, if the paternity of such child is established before or after the effective date of this Act and while such child is under the age of twenty-one years by legitimation.

The provisions of section 301(a)(7) are similar to those of section 201(g), with the relevant difference that of the citizen parent's 10 years of residence in the United States, 5 had to be after the age of 14, rather than after the age of 16. The respondent's mother lacked sufficient residence under either of these provisions to pass citizenship to him. The issue before us is whether, in the face of the foregoing provisions, the respondent, nevertheless, retained the citizenship which he had acquired at birth.

When previously confronted with the same issue, the Service has consistently taken the position that illegitimate children who acquired United States citizenship pursuant to section 205 of the 1940 Act as the children of United States citizen mothers did not lose that citizenship upon legitimation, *Matter of M—*, 4 I. & N. Dec. 440 (CO 1951). See also *Matter of P—*, 7 I. & N. Dec. 523 (RC, CO 1957), and *Matter of M—*, 3 I. & N. Dec. 485 (CO 1949). The Service found that the purpose of the reference to section 201(g) in section 205 of the 1940 Act was to extend the acquisition of United States citizenship upon legitimation to children born out of wedlock whose fathers were United States citizens and whose mothers were aliens. The purpose was found to be an expansive one, rather than one intended to take citizenship away from children upon legitimation who had acquired citizenship at the time of birth out of wedlock pursuant to section 205. The Service decisions have been pro-

85 .

mulgated as Service policy, see INS Interpretation 309.1(a)(2), page 5072 of the Service Book of Operations Instructions.

In his decision below, the immigration judge acknowledged the Service decision in *Matter of M—*, 4 I. & N. Decision, *supra*, but declined to follow it on the ground that a subsequent United States Supreme Court decision, *Rogers* v. *Bellei*, 401 U.S. 815 (1971), validated the concept of divestiture of citizenship of children born abroad who acquired United States citizenship at birth. He stated that the statute clearly imposes an additional prior residence requirement on the United States citizen mother in the event that a child is legitimated.

The rationale of the *Bellei* decision, however, is not directly applicable to the situation before us. The *Bellei* case held that the retention requirements of the Act are constitutional. The retention requirements provide that certain persons who acquire United States citizenship at birth may lose their citizenship by failing to reside in the United States during specified periods of their formative years. The requirement at issue in that case was a condition for the person's retention of citizenship. The provisions here at issue do not explicitly require that illegitimate children of United States citizen mothers remain illegitimate in order to retain their United States citizenship. Furthermore, unlike the retention requirements, which is something over which one has some control, the condition envisioned here concerns matters over which the person has no control, i.e., whether his parents marry and for how many years his mother resided in the United States prior to his birth.

While we are aware that the Service's interpretation discussed above is not free from controversy, we see no reason to disturb the settled administrative policy which has been in operation for many years. Any disruption of it now would result in confusion regarding the status of many persons previously admitted as citizens and that of their relatives.

The reasons advanced by the Service for their decision in *Matter of M—*, *supra* (1951), are still valid. There appears to be no reason to take citizenship away from a person merely because he or she becomes legitimated.

ORDER: The appeal is sustained and the proceedings are terminated.